## New York Life Insurance Co. v. Taylor Easton.

1. REMEDY—*In Favor of the Maker of a Note Assigned Before Maturity.*—When the maker of a promissory note has a defense to the same in the hands of the payee, but is prevented from making such defense by an assignment of the note before maturity, he may, if compelled to pay the same, introduce the same evidence in a suit against the payee to recover the amount paid on such note, that he might have introduced in a suit against him by the payee, had such note not been assigned.

2. WRITTEN INSTRUMENTS—*Parol Evidence—When Admissible to Vary, etc.*—Section 9, Chapter 98, R. S., entitled "Negotiable Instruments," not only gives the maker of a negotiable instrument the right to introduce parol evidence to vary or deny such instrument when sued on, but also operates to abrogate the general rule, that parol evidence is not admissible as against another instrument than the one sued on, if such other instrument relates to the consideration of the one sued on.

3. INSURANCE—*Acceptance of Policy.*—The effect of the acceptance of a policy of insurance is a question of law, but the question as to whether one was or was not accepted is one of fact.

4. SAME—*Circumstances Tending to Show an Acceptance of a Policy.*—The receipt and retention of a policy of insurance are circumstances tending to show an acceptance, and in the absence of explanation, would be received as establishing it.

Assumpsit, for money paid, etc. Appeal from the Circuit Court of Coles County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

MORAN, KRAUS & MAYER and D. A. HOLMES, attorneys for appellant.

J. F. HUGHES, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The action below was assumpsit, by appellee. The declaration contained the common counts.

The case which appellee contends was made by the proof was that he executed and delivered to the appellant company his two certain notes, in consideration of the agreement of the company to deliver to him its policies of insurance on his life so conditioned that if the premiums thereon were paid for ten years the policies should remain in force for twenty years, and at the end of that period the full amount of the policies should be paid, together with the " accumulations " for the said period of twenty years; that policies were afterward sent to him framed on an entirely different and less desirable plan of insurance; that he refused to accept them, but that the appellant company assigned his notes before their maturity to an innocent holder, and he was forced to and did pay such notes to said assignee.

The action was brought to recover the amount paid on the notes to the assignee thereof.

It appeared the policies were issued upon a written application signed by the appellee and were conditioned in accordance with the provisions of the application.

Appellee was permitted, over the objection of the company, to introduce proof of the conversation which occurred between himself and the soliciting agent of the company, immediately prior to and while the application was in course of preparation, but before he attached his signature to it.

If this evidence was competent, it quite sufficiently established the claim of appellee that the application and policies did not provide for insurance upon the plan verbally agreed upon, but for much less desirable indemnity.

The appellant company insists the evidence was incompetent; first, because of the elementary general rule parol evidence is inadmissible to contradict or vary a written instrument; second, it contends it appeared from the evidence the appellee accepted and retained the policies under

such circumstances as to amount to an acceptance of them, and thereby became in law estopped to assert anything inconsistent with the terms, conditions and limitations contained in them or in the application.

As to the first ground of objection, it is not, in our opinion, tenable.

In the case of Baker v. Fawcett, 69 Ill. App. 300, we held the enactment of Sec. 9 of Chap. 98, R. S., entitled Negotiable Instruments, not only gave to the maker of negotiable paper the right to introduce verbal evidence to vary or deny the writing sued on, *i. e.*, the note, but also, that it operated to abrogate the elementary general rule that parol testimony is not admissible as against another writing than the note, if such other written instrument related to the consideration of the note, was executed in the course of the same transaction as was the note, and under such circumstances as that the note and such instrument ought to be regarded as but part of one and the same transaction.

The efficacy of the enactment referred to in our opinion clearly demanded the abrogation of the rule to the extent indicated in the case cited *supra*, and we still adhere to that view.

The appellee in the case at bar was not, it is true, seeking to defend against the collection of a note upon the ground the consideration thereof had failed or was wanting.

The action of the company, in disposing of the notes he had given to one against whom the statute was not available, had deprived him of the defense to them which the statute guaranteed him as against it.

He could only pay the notes to the *bona fide* holders thereof and resort to an action against the company to recover the sum so paid if it was wrongfully exacted from him.

In such an action it seems indisputable he should be permitted to support his right of recovery by any evidence which would have been admissible to sustain his defense had the action on the notes been brought by the appellant company.

In actions by an assured to recover upon a policy, the written application and the policy may embody the contract, as was held in Schmidt v. P. M. & T. Ins. Co., 41 Ill. 295, for the reason in such cases the statute we have referred to has no application to change the fundamental rule of evidence upon which such cases rests.

It is complained the court refused to give as asked instructions No. 3 and No. 4 in behalf of the company.

Counsel for the company in support of this insistence say in their brief:

" By these instructions, if given, the jury would have been told that the application and the policy constituted the only contract between the parties."

If we are right in the view hereinbefore expressed, that verbal testimony was competent for consideration in determining the contract between the parties, it is manifest the reasons urged in support of the attack on the rulings of the court upon the instruction in question constitute a full and complete defense against such attack.

The fifth instruction in the same behalf announced the law to be the appellee " was " presumed to have read his application and have knowledge of the limitations there expressed, and is to be bound thereby, and the objection is the court so modified it as to permit the jury to consider whether the evidence overcome the presumption.

This complaint but presents in a different phase the contention that the contract must be determined from the written instruments, the application and the policy, and that verbal testimony could not be lawfully considered to vary or contradict the statements contained in either of those writings.

The complaint as to instruction No. 6 is, it was so modified by the court as to leave the question whether appellee accepted the policies to be determined by the jury as matter of fact.

The effect of an acceptance of the policies is matter of law, but whether they were accepted must be matter of fact.

Receipt and retention of a policy are circumstances tend-

ing to show acceptance, and in the absence of explanation would be received as establishing it.

In the case at bar the policies came to appellee through the mails and enclosed with them were receipts for them to be signed and returned. He examined them and found them not satisfactory, and did not sign the receipts but seasonably notified the agent of the company at whose solicitation he executed the applications. He testified the agent agreed to come at a time named and examine the policies, but did not do so. He soon afterwards met the agent, and advised him of his objections to the policies, and after some further conversation the agent named a day some two weeks later when he would examine the policies, but failed to keep the appointment. Appellee deposited the policies for safekeeping and in due time tendered a return of them to the company.

We need not further follow the testimony relative to the conferences between appellee and such agent. It is sufficient to say unqualified acceptance was not proven, and that the company had full notice of that fact, provided it is chargeable with the knowledge possessed by its soliciting agent.

The policy however contained the following stipulation :

" No agent has power, in behalf of company, to make or modify this, or any contract of insurance; to extend the time for paying any premium; to waive any forfeiture; or to bind the company by making any promises; or making or receiving any representation or information. These powers can be exercised only by the president, vice-president, second vice-president, actuary or secretary of the company, and will not be delegated."

It is contended, notice to be effectual must, by force of this stipulation, have been given to some one of the officials of the company therein specified.

At least one infirmity in this position, and a fatal infirmity too, is that unless the appellee accepted the policy no part of it was binding upon him.

The receipt of the policies through the mails was but a tender of them to appellee for acceptance.

It cast upon him the duty of accepting them or of objecting and making his objections known to the company.

If the appellee did not accept the policy its provisions were not binding upon him and the mode and manner of making his objections known depended not upon the stipulations of the policy but on the rules of law.

Sec. 23 of an act of the General Assembly, in force July 1, 1869 (Par. 115, Starr & Curtis' Statutes, Vol. I, page 1346), is as follows:

" Whoever solicits insurance on behalf of any life company not chartered by and not established within this State, or transmits for any person other than himself an application for life insurance, or a policy of life insurance to or from such company, * * * shall be held to be the agent of such company, to all intents and purposes." Statutes, Ch. 73, Sec. 23.

The appellant company has its charter from the State of New York, and no reason is perceived why the statutory provision quoted above should not apply to it and to the case at bar.

Moreover, the objection to the policy related to a particular branch of the business of the company, *i. e.*, the application for insurance, for the transaction whereof the agent in question was its agent, which is a cogent reason calling for the application of the statute to the case.

In view of what has been said, it follows, we think, the court also properly refused to give as asked the seventh instruction, which was, in effect, it was incumbent upon appellee to notify one of the officers specified in the policy.

The eighth instruction asked the court to advise the jury the policies were complete contracts of insurance, and that had appellee died while they were in his possession the beneficiaries named therein could have recovered upon them.

If the policies had not been accepted, clearly the instruction did not correctly state the law.

The modifications made by the court were for that reason properly made.

We think there is no error in the record.

The judgment must be and is affirmed.