## Frank H. Cotes & Son v. Lucien S. Reid.

1. VERDICTS—*Conclusive upon Questions of Fact.*—Where the evidence standing alone, with the reasonable and natural inferences arising from it, sustains the finding of the jury, the verdict will be accepted as conclusive upon the questions of fact at issue in the case.

2. HARMLESS ERROR—*Objections to Evidence Improperly Sustained.*—Where an objection is sustained to a question, proper to be answered, but following the question and the ruling of the court upon it the witness, in effect, answers the same question, so that the party insisting has the benefit of all that could have followed from a proper ruling of the court upon the objection, the error is cured and becomes harmless.

Assumpsit, on a promissory note. Trial in the Circuit Court of Hancock County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Verdict and judgment for defendant; error by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

SCOFIELD, O'HARRA & SCOFIELD, attorneys for plaintiffs in error.

MILLER & WILLIAMS and HOOKER, PLANTZ & HARTZELL, attorneys for defendant in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was an action by plaintiffs in error against the defendant in error upon a promissory note given by the latter to Gaylord Davidson, October 23, 1896, for $102.60, due on or before January 1, 1897, as premium for an insurance policy to be issued by the Mutual Life Insurance Company of New York for $2,000. The note was assigned by the payee thereof, who was the sub-agent of the company, to the plaintiffs in error, the general or district agents of the company. The defense interposed to the note was, in substance, that at the time the note was given and the application for the policy was made it was agreed between the defendant in error and the sub-agent that the policy to be issued was to be such by its terms that after the payment of three annual premiums it was to have a surrender value and that the assured should have the privilege of surrendering the same, and that the company should by the terms of the policy be obligated to pay such value. The policy issued in the first instance, as appears from the correspondence in evidence, not having been accepted, was changed to another beneficiary and a second policy issued, to which the defendant in error objected, the required stipulation being absent from it. A trial by jury resulted in a verdict and judgment against plaintiffs in error, to reverse which they prosecute this writ of error, the principal grounds argued for such reversal being that the verdict is not supported by the evidence; the court rejected proper evidence for the plaintiffs in error, and against their objections admitted improper evidence to the jury.

While the evidence is conflicting upon the point that it was agreed by the sub-agent that the policy to be issued was to contain a guaranty or stipulation that it could be surrendered at a stipulated valuation after the payment of three annual premiums, we can not say the jury were unwarranted in believing the testimony introduced by the defendant in error affecting this question which, we believe, standing alone in the record, with the reasonable and nat-

ural inferences that arise therefrom, fully sustains the finding of the jury. We therefore feel compelled to accept the verdict as final upon that issue.

It is argued by counsel for plaintiff in error that it was error for the court to admit in evidence the second policy, for the reason, as contended, the note was given for the first policy, which alone should have been produced, that it might be shown if the stipulation omitted from the second was also absent from the first policy. We perceive little force in this position. If it shall be conceded the stipulation about which the controversy exists was contained in the first policy, for which it is said the note was given, it is not pretended any authority whatever was given by defendant in error to omit it from the second policy, and when the second policy was substituted for the first by the consent of the sub-agent and of the company, it can not be reasonably argued that the same premium for which the note was given was not the consideration upon which the latter policy was issued. It is also complained that the court sustained an objection to the question put to Davidson while on the witness stand, as to whether anything was said in a certain conversation between himself and Reid about a cash or surrender value of the policy at the end of one, two or three years. If it was intended, which seems to have been its purpose, to negative an imputed statement, the question was a proper one and the court should have allowed the witness to answer it, and if the record contained nothing further concerning the point the error might be prejudicial. Following the question and the ruling of the court upon it, however, the witness did in effect answer the question when he testified nothing was said in regard to the cash or surrender value of the policy. It thus appears the plaintiffs in error had the benefit of all that could have followed from a different ruling of the court upon the objection to the question, thereby rendering the error harmless. The same observations we have made in this regard, apply with equal force to the rulings of the court in respect to the conversation about the return of the note. It is also

complained the court excluded the answer of Davidson to the question whether he took the note in compliance with defendant's application. This question elicited the conclusion merely, of the witness, and was an invasion of the jury's province, and the ruling of the court was therefore accurate, whereby the answer was excluded.

Upon the broad merits of the case we think it controlled by the principle of New York Life Ins. Co. v. Easton, 69 Ill. App. 479, which in ultimate facts it much resembles. Finding no reversible error the judgment of the Circuit Court will be affirmed. Judgment affirmed.