## Equitable Life Assurance Society v. Edward P. Mueller.

1.  INSURANCE—*Acceptance of a Policy a Question of Fact.*—In an action upon a policy of insurance the question of the acceptance of the policy by the insured, is a question of fact for the determination of the jury.

Assumpsit, upon a policy of insurance.  Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1901.  Affirmed.  Opinion filed January 16, 1902.

DENEEN & HAMILL, attorneys for appellant.

N. A. LOUGH, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment in favor of appellee and against appellant, rendered by the trial court on appeal from a justice of the peace. Appellant sued the appellee for the first premium claimed to be due on a life insurance policy, and the only question involved is whether appellee accepted the policy. The application for the policy was made to Charles H. Holm, an agent of appellant, for whose use the suit was brought, the claim having been assigned to him by appellant, and he and appellee were the only witnesses as to whether appellee accepted the policy. There is a direct conflict in their testimony on this question. The appellee testified that when Holm tendered the policy to him he told Holm that he wanted to take it home and look it over, and see whether it would be satisfactory, and Holm told him that would be all right if he, appellee, would give him a receipt for it, which he did. The receipt is as follows:

" CHICAGO, August 16, 1900.

Received from Chas. H. Holm policy No. 983,761 for $5,000.00, issued by the Equitable Life Insurance Society on my life, and on which the premium, $267.35, two hundred sixty-seven 35-100 dollars, is unpaid. E. P. MUELLER."

The policy contains this clause: " This policy and the application therefor, taken together, constitute the entire contract." The application contains a like clause, and also the following: " This contract shall not take effect until the first premium has been paid, during my good health."

Appellee testified that Holm left the policy with him at the date of the receipt; that about a week afterward he saw Holm and told him that the policy was not satisfactory, and that he did not want it; that some time in August he went to the office and tendered the policy to Holm, who said he would not take it back, and that he then went to the cashier of the insurance company and turned the policy over to him; that the cashier did not want to take it, and tried to return it to appellee, but he would not receive it, and left it with him. Holm contradicted appellee's testimony as to what occurred at the time

appellee receipted for the policy, and testified that the policy was not tendered to him until three weeks, less two days, after August 16th, or about September 5th, and fifteen or twenty minutes after he, Holm, had commenced suit before the justice.

The question of the credibility of the witnesses was for the jury to pass on, and we find no good reason for disturbing the verdict on the ground that it is contrary to the evidence.

Appellant's counsel contend that the court erred in admitting appellee's evidence that the policy was delivered to him for the purpose of examination and decision as to whether he would accept it. In support of this contention they cite a line of authorities to the effect that such an instrument can not be delivered to the party to whom it runs, in escrow, to take effect on a condition not apparent on the face of the instrument. These authorities are not applicable. Appellee's testimony is not that the policy was delivered to him to take effect on any condition, but that he was permitted to take it merely for the purpose of examining it and determining, after such examination, whether he would accept it. Whether the policy was accepted is a question of fact. N. Y. L. Ins. Co. v. Easton, 69 Ill. App. 479.

The delivery of the policy for that purpose, without payment of the premium, did not bind the company, as it is provided in express terms by the application, that the contract shall not take effect until payment of the first premium. Holm, who drafted the receipt, mindful of this provision, wrote in the receipt that the premium was unpaid. It is entirely reasonable that an applicant for insurance should wish to examine a policy issued on his application, before deciding to accept it. The policy in the present case, as in all cases which we have observed, contains provisions and restrictions to which the application does not refer, so that before the policy is issued, the applicant can not know what its contents will be.

The contention that the bill of exceptions does not purport to contain all the evidence, can not be sustained.

The judgment will be affirmed.