## Mary E. Richardson, Appellee, v. The Northwestern Mutual Life Insurance Company, Appellant.

INSURANCE—*what does not establish acceptance of policy.* Possession of a policy of insurance by an applicant raises a presumption that the policy has been delivered and accepted, yet such presumption may be rebutted by showing that such applicant was permitted to take the policy merely for the purpose of examining it and determining after such examination whether or not he would accept it.

Assumpsit. Appeal from the Circuit Court of Adams county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the November term, 1907. Reversed. Opinion filed April 21, 1908.

BROWN, WHEELER, BROWN & HAY and GOVERT & LANCASTER, for appellant.

McCARL & FEIGENSPAN and VANDEVENTER & WOODS, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

·The Northwestern Mutual Life Insurance Company appealed from a judgment in favor of Mary E. Richardson, in the sum of $10,783.33, rendered upon a verdict returned in her favor against said company in the Circuit Court of Adams county.

Appellee, in her declaration, counted upon two policies of insurance alleged to have been made and delivered by appellant upon the life of James H. Richardson, Jr., each in the sum of $5,000 payable upon the death of said James H. Richardson, Jr., to said appellee as beneficiary.

Defendant, in the trial court, filed a plea of not guilty ·verified, and gave notice to plaintiff that it would not be necessary to produce any evidence to prove the signing, by the defendant, of either of the policies of insurance sued on, but that by its plea defendant sought to put in issue the delivery by defendant to James H. Richardson, Jr., the insured, of each of said policies of insurance as and for·consummated and binding contracts of insurance.

The facts, as developed upon the trial, in substance were these: James H. Richardson, Jr., in June, 1890, took out what is called a semi-tontine policy of insurance in appellant company in the sum of $1,000, under which, at the end of fifteen years from its date, the insured had the option, among others, to surrender his policy and accept the surrender value in cash, or take its then value in additional insurance. In May, 1905, deceased wrote to appellant asking for advice as to the surrender value of his policy and what offer the company would make him if he would take out additional insurance. Following this request one Becker, agent for appellant, visited Richardson at Quincy, Illinois, where on July 11, 1905, after some negotiations, he de-

livered the policies involved in this suit to Richardson and took from him a receipt in the words and figures to-wit:

"QUINCY, ILLINOIS, July 11th, 1905.

Received of R. O. Becker, General Agent, policies 625,111 and 625,112, for $5,000 each, dated June 28, '05, and issued by the Northwestern Mutual Life Insurance Company. These policies are delivered to me for inspection only, and not to be considered in force until payment of premium while I am in good health.

J. H. RICHARDSON, JR."

Soon after the above date Richardson was called to Corsicana, Texas, and while he was there some letters passed between him and Becker which cover all that took place between the parties, or was done by them in furtherance of the transaction, after Richardson gave his receipt of July 11, 1905. These letters were in the words and figures, to-wit:

"PEORIA, ILL., July 27, 1905.

J. H. RICHARDSON, JR.,
          Quincy, Ill.

DEAR MR. RICHARDSON: I understood you were to advise me about your insurance, but to date we have heard nothing from you. Would like to get your semitontine dividend statement as soon as possible before August 5th.

Kindly let me hear from you.

Yours very truly,
          R. O. BECKER, General Agent."

"CORSICANA, TEXAS, Aug. 2, 1905.

MR. R. O. BECKER,
     Gen. Agt. Northwestern Mutual Life Ins. Co.,
          Peoria, Ill.

DEAR SIR: Answering your favor of the 27th ult., beg to state that upon my return home, which will be in the next few weeks, I will take the matter of insurance up with you.

Yours truly,
          J. H. RICHARDSON, JR."

"PEORIA, ILL., Aug. 5, 1905.
MR. J. H. RICHARDSON, JR.,
     Corsicana, Texas,
          care Richardson-Gay Oil Co.

DEAR SIR: I have your letter of Aug. 2nd. It was my undertsanding that you would decide on your insurance before leaving for the south, and as a result of what you write I am, by this mail, writing the Company stating that you are away and, therefore, I cannot report on your business until late in the month.

Wish you would let me know when you will return, as it is to your interest, as well as ours, to get the matter of your dividend, now due, in shape as quickly as possible.

Yours very truly,
R. O. BECKER, General Agent."

Nothing further was done by Richardson to show an acceptance by him of the policies held under the receipt above stated, nor was anything done by him toward surrendering to appellant the old, or semi-tontine policy, or to receipt for or discharge its cash value or the value of the dividend belonging thereto.

Matters between Richardson and the company were in this condition when Richardson died in Corsicana, Texas, on the 26th day of August, 1905.

While it is true as contended by appellee that possession of a policy of insurance by the applicant raises a presumption that the policy has been delivered and accepted, yet such presumption may be rebutted by showing that such applicant was permitted to take the policy merely for the purpose of examining it and determining after such examination whether or not he would accept it. Equitable Life Assurance Co. v. Mueller, 99 Ill. App. 462; N. Y. Life Ins. Co. v. Easton, 69 Ill. App. 479.

In the case at bar Richardson in his receipt stated that he held the policies for inspection only and that they were not to be considered in force until payment of premium had been made, and in his letter of August 2, 1905, which was his last declaration or state-

ment on the subject, said that he would take up the matter of insurance with Becker upon his return home, which would be in the next few weeks. Richardson never returned home and never, in fact, accepted or paid for the policies. There was no competent evidence upon which to base a verdict in favor of appellee.

The judgment is reversed but the cause is not remanded.

*Reversed.*

Finding of fact, to be incorporated in the judgment: We find that the policies of insurance involved never became binding and valid contracts between the parties.