No. 12,406.

STALEY, ET AL. *v.* NAZARENUS.

Decided October 7, 1929.

Mr. John P. James, for plaintiffs in error.

Mr. William R. Kelly, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court. We hereinafter refer to them thus, or · as "Staley," "Startzell," and "Nazarenus." One Walter Hoops, automobile dealer of Greeley, Colorado, operated under the name of "Greeley Motor Sales." He is hereinafter referred to as "Hoops."

Hoops sold Nazarenus an automobile, and in part payment took an installment note secured by a mortgage on the car. Five days later this paper was transferred to plaintiffs. Shortly thereafter Nazarenus, dissatisfied with the automobile and claiming misrepresentation, returned it. Some kind of settlement was then made and within two weeks Hoops resold the car. A little later, having become entangled in difficulties arising from his peculiar and questionable business methods, he disappeared. Plaintiffs, still in possession of the note and claiming to be innocent purchasers for value, declared the entire debt due for failure to pay an installment and brought this action.

Defendant alleged a contract with Hoops providing for the return of the car under the circumstances which developed; plaintiffs' knowledge thereof and active par-

ticipation therein by their express promise to return the note, and by taking a new mortgage on the car from the second purchaser; that by reason of such facts a bona fide controversy arose between the parties as to their respective rights; the compromise of that controversy by mutual agreement; and that defendant performed the terms of the compromise contract and plaintiffs failed. By cross-complaint he demanded $500 damages for that failure. The cause was tried to a jury which returned a verdict against plaintiffs on the complaint and for defendant in the sum of $125 on his cross-complaint. To review the judgment thereupon entered plaintiffs prosecute this writ and ask that it be made a supersedeas.

The only reviewable questions raised by the assignments and argued in the briefs are: (1) The correctness of instruction No. 1; (2) the admissibility of evidence of conversations between the parties prior to the date of the alleged compromise; (3) the sufficiency of the evidence; (4) the correctness of the court's denial of a supplemental motion for a new trial.

We disregard the argument of counsel for plaintiffs so far as it relates to the defense of accord and satisfaction (and most of it so relates), and the authorities in support of it. This defense is compromise based on a disputed claim. 1 R. C. L., p. 178, §2. Such settlements are encouraged by the courts, supported so far as legally possible, and protected even in case of doubtful claims. 5 R. C. L., p. 878, §3.

1. We find no fault with instruction No. 1, which is the court's statement of the contention of the parties (not of facts, as erroneously asserted by counsel for plaintiffs). It seems to us full and fair.

2. The evidence objected to related to conversations in which it is said plaintiffs admitted the status created by their alleged acquiescence in Hoops agreement to return to defendant his note and mortgage upon his return of the purchased car. Since this evidence

went to the vital question of plaintiffs' forfeiture of their rights as holders in due course it was relative and material. Assuming that they were originally such holders (concerning which there is more than a grave doubt), there is positive evidence that they were parties to Hoops' agreement to return defendant's paper, and that relying thereon he parted with the very car upon which they later took a new mortgage when Hoops resold it. If this evidence was credited, and we must assume it was, their original status was thus lost.

■ 3. On the question of the sufficiency of the evidence, the position actually taken by counsel for plaintiff is best expressed in that portion of assignment IV which asserts that the verdict is against "the great weight" of the evidence. The argument thereon is an argument for a jury. For instance, it is said in plaintiffs' brief "Every bit of evidence defendant in error offers in support of a counterclaim was contradicted." Very true. But there is ample evidence to support this verdict and the rule that in such case we will not interfere with the jury's finding is too well settled for repetition.

■ 4. There was a supplemental motion for a new trial. It was based upon newly discovered evidence and supported by the affidavit of Startzell to the effect that since the trial the supposed new mortgage, which plaintiffs took on the purchased car when it was resold by Hoops, has been paid and that this turned out to be some other machine. This same witness testified to the contrary on the trial. He, of all persons, should have known the truth. He makes no sufficient showing of diligence or excusable error, and so wholly fails to bring the alleged fact within the legal realm of newly discovered evidence. The motion was properly overruled.

Finding no reversible error in the record the judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE ALTER concur.