No. 12,646.

STARTZELL ET AL. *v.* BOWERS ET AL.
(292 Pac. 601)

Decided October 20, 1930.

136

Messrs. GILLETTE & CLARK, Mr. FREDERICK SASS, for plaintiffs in error.

Mr. RODERIC J. BOSWORTH, Mr. CHARLES R. BOSWORTH, Messrs. LEWIS & GRANT, Mr. ROBERT L. STEARNS, Mr. IRVING HALE, JR., for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and for convenience we hereinafter refer to them as plaintiffs and defendants, or by name.

This was an action in replevin. The property in question was an automobile. Plaintiffs claimed under a chattel mortgage and defendant corporation under another. Title was in defendant Bowers. Verdict was for defendants, fixing the value of the car at $1,200, and the amount

of damages on a counterclaim at $500. Judgment was entered accordingly. To review that judgment plaintiffs prosecute this writ and ask that it be made a supersedeas.

*Staley v. Nazarenus,* 86 Colo. 326, 281 Pac. 358, should be read herewith. Plaintiffs there, who are plaintiffs here, claimed under a promissory note and its security, a chattel mortgage on an automobile. In that case we held that the evidence supported a finding that the debt had been settled and payment acknowledged, and that plaintiffs, whose contention was that they were innocent holders, were parties to that settlement, and sustained a judgment in favor of Nazarenus for damages in the sum of $125. Under that judgment Nazarenus was entitled to a cancellation and return of said note and mortgage. Upon that paper, thus definitely and finally adjudged paid and discharged, the same parties predicated their action in the instant case. It is therefore no matter for surprise that they were defeated below or that they here ''admit that the defendant Auto Industrial Corporation is entitled to its [the car's] possession.'' The difficulties in which the plaintiffs now find themselves entangled are the direct and natural consequences of their own unlawful act. In an attempt, under the form of law, and without a shadow of right, so far as this record discloses, they put in motion the machinery which finally produced a judgment against themselves. It is only fair to note here that counsel who represent them in this court had nothing to do with the trial below.

It is here contended that the judgment was erroneous in the following particulars: (1) It did not provide for the return of the car; (2) it was in favor of both defendants when it should have been for but one; (3) it gave damages to both defendants when but one was entitled thereto; (4) it fixed an excessive value on the property; (5) it improperly allowed damages; (6) it rests upon a prejudicial ruling excluding certain evidence.

1. Plaintiffs' unlawful attempt to enforce their claim against defendant Bowers caused defendant cor-

poration to protect itself by taking possession of the car. When plaintiff secured it under their writ, they held it for three months, then sold it contrary to the terms of their bond. The purchaser retained, and presumably used, it for four months. The presumption is that its return in the same condition as when it was seized was impossible. A judgment giving plaintiffs the option to return this depreciated property would be a judgment authorizing them to take advantage of their own wrong. They are not entitled to such relief. 23 R. C. L., pp. 906, 907, §§67, 68; *Duffy v. Wilson,* 44 Colo. 340, 344, 98 Pac. 826.

■ 2. If this judgment is otherwise correct, it does not concern plaintiffs that it is for both defendants instead of one, and they suggest no prejudice which could result to them thereby.

■ 3. Plaintiffs unlawfully took, unlawfully retained, and unlawfully sold, this automobile. Defendants, or one of them, were thus deprived of its possession and use for at least seven months. One of them owned the car, the other held a mortgage on it. The question of their respective rights to the damages awarded is one in which plaintiffs can have no interest.

■ 4. Various witnesses fixed the value of this car at from $1,000 to $1,250. There was evidence of its original cost, age, use and condition. Under such circumstances we think the contention that the owner of the car, the witness who testified to the higher figure, did not qualify as an expert witness, is without merit. *Sandberg v. Borstadt,* 48 Colo. 96, 99, 109 Pac. 419.

■ 5. It is asserted that the judgment on the counterclaim is not supported by the evidence. This because the rental value was fixed per day on the assumption of a daily operation of 15 to 20 miles, and there is no definite evidence that it was so operated. There was, however, evidence of the use made of it by defendant. Some latitude must be allowed jurors in their interpretation and

application of such evidence. We cannot say that the verdict was unsupported in this particular.

██ 6. In their affidavit in replevin, plaintiffs fixed the value of the car at $1,000. They now complain that the court rejected their evidence of a lower figure. We doubt if the record will bear such an interpretation. If so, the ruling is supported by the fact that plaintiffs' allegation of value was not confined to their affidavit. It appears in their sworn complaint and was the value demanded by them in lieu of the property, and they are bound thereby. *Dodge v. Chambers,* 43 Colo. 366, 374, 96 Pac. 178; Wells on Replevin (2d. Ed.) §§569, 660.

Finding no prejudicial error in the record, the judgment is affirmed.

Mr. Chief Justice Whitford, Mr. Justice Adams and Mr. Justice Butler concur.