**Fred Kantoff, Appellee, v. Sedlak Motor Sales, Inc., and Milton R. Sedlak, Appellants.**

**Gen. No. 46,613.**

First District, Third Division.
November 2, 1955.
Rehearing denied December 19, 1955.
Released for publication December 19, 1955.

Herbert M. Wetzel, and Arthur Frankel, of Chicago, for appellants; Demetri M. Spiro, of Chicago, of counsel.

Louis W. Reinecker, of Chicago, for appellee; C. E. McElhaney, Jr., of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court. This is an action to recover the sum of $1,529 which plaintiff alleges he advanced, on behalf of defendants, for the first year's premium on a $50,000 life insurance policy. The court, without a jury, found for plaintiff and entered judgment for $1,000. Defendants have appealed and plaintiff has assigned cross error with respect to the amount of the judgment.

Plaintiff alleged that he delivered the policy, that he demanded payment of the premium by defendants, that he paid the premium February 27, 1951 and that

the policy was not returned by defendants and that they refused to reimburse him though they had the benefit of the policy. Defendants admitted delivery of the policy, but denied their acceptance of it or plaintiff's demand for the premium, and they admitted the policy was not returned and state that its return was not requested. They alleged no knowledge of payment by plaintiff and that plaintiff was the insurer's agent, not the defendants'.

We think that the court was justified in finding that in August 1950 Sedlak applied to plaintiff, a licensed broker, for a $20,000 individual policy; that plaintiff placed this application with the Mutual Benefit Life Insurance Company of Newark, New Jersey; that Sedlak passed the required physical examination and the policy was issued; that Sedlak returned this policy within a reasonable time as unsatisfactory; that then Sedlak, with the defendant corporation which cooperated by showing their insurable interest in Sedlak, applied through plaintiff in January 1952 for a $50,000 corporate form policy; that this policy was issued on the 24th of the month upon the life of Sedlak with the corporation as beneficiary; that the policy was delivered by plaintiff to, and accepted by, Sedlak; that by its terms the policy required payment of an annual premium of $1,529 on delivery; that several times during the grace period for the first premium plaintiff attempted to induce Sedlak to pay the premium; that upon Sedlak's failure to do so plaintiff paid the premium, without Sedlak's authority; that Sedlak retained the policy for more than a year with knowledge that plaintiff had paid the premium; and that he refused to reimburse plaintiff.

The questions before us are whether plaintiff was agent for defendants; and whether as principals defendants became liable to plaintiff for reimbursement of the amount which he paid for the first annual premium. We need not determine whether plaintiff was

10

a general or special agent for the insurance company; he was a licensed broker free to place defendants' application with any company he chose.

■■ Defendants urge that plaintiff could not be their agent since he was also the agent for the insurance company, and this they claim violated the rule of law that an agent's duty of loyalty prevents him from acting for adverse parties without the consent of both. We think, however, that this rule is not applicable because, as the court properly found, defendants, with knowledge of plaintiff's agency with the insurance company, authorized him to represent them in obtaining insurance. Adams v. Larson, 279 Ill. 268, 277–8.

■ We think, further, that, even if we assume that payment of the premium was beyond the scope of the authorized agency, defendants ratified this act and thereby incurred liability for the amount paid on their behalf. The reasons for this conclusion are as follows: Sedlak's acceptance of the policy made him liable for the premium. Equitable Life Assurance Society v. Mueller, 99 Ill. App. 460. After several unsuccessful attempts to see Sedlak with respect to the premium, plaintiff paid the premium during the grace period in order to protect his principal by preventing the policy from lapsing. Defendants knew plaintiff paid the premium because they received no premium notice from the company but they did receive a bill from plaintiff on his own stationery. With this knowledge they retained the policy even until the trial. They therefore had the protection of the policy (Nalty v. Federal Casualty Co., 245 Ill. App. 180, 183) and the inference is they intended to have that benefit, for the earlier policy which Sedlak rejected was returned at once. Furthermore, they at no time disclaimed plaintiff's authority to pay the premium. Under these circumstances we conclude that payment, even if unauthorized, was ratified and bound defendants, who accepted the benefits, to reimburse. Cobb v. Sparr, 153 Ill. App. 92, 99. As

11

between principal and agent the conduct of the principal will be liberally interpreted in favor of ratification. Holmes v. Morris, 341 Ill. 351, 358.

■ Although the trial court was correct in finding for plaintiff, the judgment was erroneous. The record does not support a judgment for $1,000. It shows that plaintiff paid the premium in the amount of $1,529 and this is the amount for which the judgment should have been entered. Plaintiff paid the premium in full and has a right to the full amount of the premium with no reduction for the agent's commission. O'Reilly v. Miller, 148 Wash. 277, 268 Pac. 869. We think that the merit in plaintiff's cross error is obvious.

Having decided the case on the agency theory, we need not pass on the subrogation issues.

For these reasons judgment is reversed and judgment will be rendered here in plaintiff's favor for $1,529.

Judgment reversed and judgment here.

LEWE, P. J. and FEINBERG, J., concur.