No. 19,144.

COLD SPRING TUNGSTEN, INC. *v.*
AMERICAN STEEL AND IRON WORKS, INC.
(361 P. [2d] 773)

Decided May 8, 1961. Rehearing denied May 29, 1961.

Mr. GEORGE J. FRANCIS, for plaintiff in error.

Mr. BEN L. WRIGHT, JR., for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

PLAINTIFF in error Cold Spring Tungsten, Inc., was defendant below and will be referred to as Tungsten or defendant. American Steel and Iron Works, Inc., was plaintiff in the trial court and will be designated as American Steel or plaintiff.

By writ of error Tungsten seeks to reverse a judgment for the plaintiff and the authority to foreclose a material and labor lien to satisfy the judgment.

The defendant owned a tungsten mine and mill near Nederland, Colorado, and wished to remove tungsten from low grade tailings on its property by a secret process, for the use of which it was licensed. To use the process at maximum efficiency additional installations of structures and appliances were required. Late in April 1957, the parties agreed that for a stipulated sum plaintiff would fabricate in its shops, transport to the job site, and install structures and appliances required by the defendant in accord with its plans and specifications. May 15 was contemplated as completion date if weather conditions did not interrupt the work. Plaintiff made the installations, ran a test thereon, considered the contract completed, and turned the units over to the defendant about August 8. The defendant took possession without objection to the delay in the completion or otherwise, and began the testing and operation of the plant as enlarged.

On August 23 Tungsten's chief representative informed plaintiff's construction engineer that in two minor particulars the plant was not functioning satisfactorily, and he was authorized to file suit against plaintiff unless the items complained of were promptly corrected. The plaintiff agreed to make the corrections. On the same day defendant's representative wrote to plaintiff confirming the "understanding and agreement arrived at this day between yourselves and myself * * * " and further stated in the letter:

"It is admitted that the enormous delay in completing the tailings recovery plant at Nederland, Colorado, is your responsibility, as are the deviations from design for construction of the same. In an effort to partially compensate for the damages suffered by the above company because of your delay and unauthorized deviation, and in order that you comply with the original agreement as to

your constructing the above plant in accordance with our plans, specifications, and instructions, it has been agreed this day that you shall do the following: (1) Construct and immediately install a convenient device for the direct discharge of the overflow from the screens to the outside of the building as originally indicated, under relocation of the water pipings. (2) To fit the water pump on the creek with a convenient suction, four inch in diameter, in accordance with common practice. (3) It is agreed that the above items numbered 1 and 2 shall be completed on the 24th day of this month. I am confident that you shall do as you have agreed herein.

"If the above items are not taken care of as above set forth and within the time set forth above, so that full operation of said plant as originally intended can be had on the 25th day of this month, I am authorized to state that no payment shall be made to you, and action shall be taken against you for damages."

On August 24 plaintiff fully complied with the oral agreements of August 23, identical with the demands contained in the letter. Defendant, without further objections or demands, continued the operation of the plant until approximately October 15, the end of the normal operating season. In November 1957 plaintiff filed its lien statement for labor and materials and in January 1958 filed its complaint in the district court. The issues were joined and the case tried to the court.

The defendant contended below and urges here that plaintiff deviated substantially from the plans and specifications; unjustifiably delayed the completion of the plant three months beyond the agreed completion date, all to defendant's damage: in wages paid employees; for overhead expenses; building expenses to correct deficiencies caused by deviations from the plans and specifications; additional expenses for resident engineer in salary and traveling expense, in the total sum of $12,600.00. Plaintiff in the trial court claimed, and now maintains, that the weather conditions and other mat-

ters for which it was not liable were responsible for the delay in completing the contract; that the deviations between the plans and installations were necessary, of minimal extent, and in substantial compliance with the contract; the causes for the delay and deviations were well known to defendant and it made no objection to the same, but both were tacitly agreed to and approved in numerous communications and suggestions to plaintiff during the course of construction; the defendant sustained no damage by either the delayed completion of the contract or the deviations; plaintiff performed its contract completely and in good faith; plaintiff further complied with the requirements claimed by defendant orally and in its letter of August 23 and defendant accepted such compliance in full satisfaction and compromise of all claims, if any, against the plaintiff.

The trial court found the issues generally for the plaintiff on its complaint and against the defendant on the counterclaim; that the final work done by the plaintiff in compliance with defendant's letter of August 23, 1957, and the acceptance of such compliance by the defendant was in full satisfaction of all claims, if any, by the defendant and that "This aspect of the case is of itself fully determinative thereof"; dismissed the defendant's counterclaim and awarded judgment to plaintiff in the total sum of approximately $6500.00 and foreclosure of its lien.

 The defense of compromise based on disputed claims is the only question which we need review for a full determination of the matter. Other questions raised by the parties and urged in their briefs need not be considered. A careful examination of the record shows that the parties settled a disputed claim of non-completion of a contract. The plaintiff corrected, and the defendant accepted as completed, the items claimed to be incomplete, and by its letter of August 23, 1957, impliedly promised to pay the balance due if such items were com-

pleted. The actions of the parties constitute compromise. Such settlements are encouraged by the courts.

" * * * This defense is compromise based on a disputed claim. 1 R.C.L. p. 178, §2. Such settlements are encouraged by the courts, supported so far as legally possible, and protected even in case of doubtful claims. 5 R.C.L. p 878, §3." *Staley, et al. v. Nazarenus,* 86 Colo. 326, 328, 281 Pac. 358.

A party to a compromise is estopped from afterwards urging matter constituting a counterclaim existing at the time of making the compromise. *Holy Cross Gold Mining & Milling Co. v. Goodwin,* 74 Colo. 532, 223 Pac. 58.

There is competent evidence to support the findings of the trial court and the judgment entered pursuant thereto. The judgment is affirmed.

Mr. Justice Moore and Mr. Justice Sutton concur.