Jack J. GRYNBERG, individually and as general partner for the Greater Green River Basin Drilling Program: 72–73, Plaintiff–Appellee and Cross–Appellant,

v.

ROCKY MOUNTAIN NATURAL GAS, A DIVISION OF KN ENERGY, INC., and KN Energy, Inc., Defendants–Appellants and Cross–Appellees.

No. 89CA1103.

Colorado Court of Appeals, Div. I.

Jan. 31, 1991.

Rehearing Denied March 14, 1991.

Welborn, Dufford, Brown & Tooley, P.C., Phillip D. Barber, Denver, for plaintiff-appellee and cross-appellant.

Morris & Lower, Robert L. Morris, P. Kathleen Lower, Denver, for defendants-appellants and cross-appellees.

Opinion by Judge PIERCE.

Defendants, Rocky Mountain Natural Gas (RMNG) and KN Energy, Inc., appeal the order of the trial court granting judgment in favor of plaintiff, Jack Grynberg, on his claims for breach of contract. Plaintiff cross-appeals the trial court's denial of his claims for ad valorem taxes and prejudgment interest calculated pursuant to § 5–12–102(1)(a), C.R.S. (1990 Cum.Supp.). Plaintiff also contends that the trial court erred in concluding that it was proper for defendants to use different measurements to determine the volume and heating value of the natural gas, and in concluding that defendants were not required to make annual take-or-pay payments at prices set under the Natural Gas Policy Act (NGPA) § 102 for gas purchased from one of his wells. We affirm in part, reverse in part, and remand with directions.

In 1975, the parties entered into a take-or-pay contract under which plaintiff would sell and defendants would purchase a minimum obligation of gas. Defendants' were to purchase a percentage of all gas capable of being delivered by each well subject to the contract. If defendants failed to meet this minimum requirement, they were obligated to pay plaintiff the difference.

The contract also contained a clause under which defendants were permitted to "carry-forward from one year to the next any gas purchased above minimum average take to apply toward the minimum take in the succeeding calendar year."

Plaintiff sued defendants in 1982 for breach of contract and conversion. Plaintiff alleged, among other things, that defendants failed to measure properly and account for the gas received, failed to determine properly the heating value and, therefore, failed to pay plaintiff the full amount to which he was entitled under the contract. Defendant asserted numerous counterclaims, including plaintiffs' unjust enrichment due to defendant's overpayment for gas delivered.

The parties reached a settlement in 1984. As relevant to the instant case, they stipulated that: "This case and all claims and counterclaims contained herein shall be dismissed with prejudice...." They also agreed that defendants were to pay prices pursuant to NGPA § 102 for all gas purchased under the contract after April 1, 1985. This agreement was incorporated into an order approving stipulation, settlement, and dismissal.

In the present case, plaintiff again claims breach of contract. He alleges, among other things, that defendants failed to make take-or-pay deficiency payments and otherwise failed to pay him in full under the contract.

The trial court granted partial summary judgment in favor of plaintiff. After trial to the court, the trial court found that plaintiff sustained his burden of proving his claims for take-or-pay deficiencies and that plaintiff was entitled to compensatory damages, with interest at the "statutory rate of 8% per annum."

## I.

■ Defendants contend that the trial court erred in granting partial summary judgment in favor of plaintiff. Specifically, they contend that the trial court erroneously concluded that C.R.C.P. 13(a) applied to preclude assertion of any offsets or other claims which accrued or existed prior to the 1984 settlement agreement, including any take-or-pay obligations which they may otherwise have raised against plaintiff. We conclude that the application of C.R.C.P. 13(a) was proper.

Defendants contend, in effect, that they are not claiming a set-off, but rather are seeking a correct calculation of the deficiency owing. They argue that, under the carry-forward provision of the contract, the take-or-pay obligation must be calculated from the inception of the contract, rather than from the date of the 1984 settlement agreement. As such, their take-or-pay obligation is less than that imposed by the trial court's judgment. We disagree.

■ A party must state as a counterclaim any claims he has against an opposing party "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." C.R.C.P. 13(a). A set-off is a counterclaim and is compulsory if it arises from the same subject matter or occurrences as the previous claim. *Corbin Douglass, Inc. v. Kelley*, 28 Colo.App. 369, 472 P.2d 764 (1970).

■ Whether a counterclaim is compulsory involves inquiry into the logical relationship between the opposing claims. A counterclaim may be compulsory if it arises from the same events as the prior claim, even though the evidence needed to establish each claim may be different. *Visual Factor, Inc. v. Sinclair*, 166 Colo. 22, 441 P.2d 643 (1968). Thus, any claim regarding proper payment or monies due that defendants might have against plaintiff arises out of the same contract and is logically related to plaintiff's claims. It is, therefore, a compulsory counterclaim.

Although a take-or-pay claim was not specifically asserted in the previous suit, RMNG's counterclaims raised and responded to the issue of payments owing on gas properly taken. It should also have raised its argument that to account for previous excess takes would lessen any payment owing. Its failure to have done so appropriately bars such argument here. *See Smith v. Hoyer*, 697 P.2d 761 (Colo.App. 1984). In addition, the 1984 settlement agreement, in which all claims and counterclaims were dismissed, precludes defendants' claims for the pre-1984 offsets. *See Cold Spring Tungsten Inc. v. American Steel & Iron Works, Inc.*, 146 Colo. 415, 361 P.2d 773 (1961) (party to a compromise is estopped from later urging a matter which constitutes a counterclaim that existed at the time the compromise was made).

## II.

### A.

On cross-appeal, plaintiff contends that the trial court erred in limiting his prejudgment interest to 8% pursuant to § 5–12–102(2), C.R.S. (1990 Cum.Supp.).

He contends that, by virtue of § 5–12–102(1)(a), C.R.S. (1990 Cum.Supp.), he should have been allowed to argue for an award of interest which fully recognizes the "gain or benefit" realized by defendants.

Defendants concede that *Mesa Sand & Gravel Co. v. Landfill Inc.*, 776 P.2d 362 (Colo.1989) is dispositive. Therefore, this issue is remanded for a determination of interest in accordance therewith.

### B.

■ Next, plaintiff contends that the trial court erred in ruling that defendants were not required to reimburse him for ad valorem taxes paid by him for the years 1984 through 1987.

The contract, as amended by the 1984 settlement agreement, could have provided that defendants were obligated to pay production taxes, without violating the NGPA § 102 ceiling price. The trial court correctly concluded, however, that the parties did not intend that the agreed gas price should include the severance taxes paid by plaintiff, since the contract did not expressly authorize such reimbursement. *See Recreational Development Co. v. American Construction Co.*, 749 P.2d 1002 (Colo. App.1987). We perceive no error in that ruling.

### C.

■ Pursuant to the original contract, defendants used a base pressure of 15.025 psia to measure volume production. The BTU tests conducted to measure the heating value of the gas were done in accordance with the 1984 settlement agreement, and used 14.73 psia "as provided in [the original] contract."

Plaintiff contends that the 1984 settlement agreement requires a single pressure measure of 14.73 psia and that the trial court erred in ruling that defendants' use of two pressure measurements was permissible. We disagree.

The 1984 settlement agreement provided that the BTU heating values determined by the required BTU tests were to govern the heating value of the gas purchased under the contract. The figure by which volume was to be measured was not addressed or amended in the settlement agreement.

### D.

■ Plaintiff next contends that the trial court erred in requiring defendants to purchase gas from the Federal 1–25 well pursuant to NGPA § 104, rather than NGPA § 102 prices, as provided in the settlement agreement. Although he concedes that the well is an "old" well subject to the maximum lawful price provisions in the NGPA § 104, *see* 15 U.S.C. §§ 3301(18)(A)(ii) and 3314(b) (1982), plaintiff contends that defendants have an alternative means under the contract by which to pay the NGPA § 102 prices, as agreed. Specifically, plaintiff asserts that defendants may, through take-or-pay payments for gas remaining in the ground, lawfully pay the NGPA § 102 price, since those payments would not involve production or extraction and purchase. Plaintiff's interpretation here strains the intended performance under the contract.

The cases upon which plaintiff relies are inapposite. While take-or-pay payments are not material in determining whether the lawful price provisions have been exceeded, *ANR Pipeline Co. v. Wagner & Brown*, 44 F.E.R.C. ¶ 61,057 (July 14, 1988), the threshold question here is whether defendants may be required to make take-or-pay payments rather than fulfill their minimum take obligations.

The contract provides alternative methods of performance in that defendants may either take their minimum obligation or pay for the deficiency. The contract does not, however, require defendants to fail to meet their minimum take obligation in order to assure plaintiff a higher price via a deficiency payment. There has been no showing that defendants are unable to meet their contractual obligations here, thus mandating performance of the alternative. *See International Minerals & Chemical Corp. v. Llano, Inc.*, 770 F.2d 879 (10th Cir.1985).

The judgment is affirmed except for the award of prejudgment interest, and the cause is remanded for a redetermination of interest in accordance with this opinion.

PLANK and HODGES,* JJ., concur.