No. 22004.

BILL DREILING MOTOR COMPANY, A COLORADO CORPORATION
v. DONALD E. SHULTZ AND SHIRLEY M. SHULTZ.
(450 P.2d 70)

Decided February 3, 1969.    Rehearing denied February 24, 1969.

60

MALEY and SCHIFF, a professional company, JOHN MALEY, for plaintiff in error.

GEORGE L. VAMOS, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.*

DEFENDANTS in error were plaintiffs in the trial court and will be referred to herein as plaintiffs or by name. Plaintiff in error will be referred to as defendant or as Dreiling.

The complaint of plaintiffs contained two claims for relief: (1) Rescission of a contract allegedly procured by false representation; and (2) damages for breach of warranties contained in the contract sought to be rescinded in the first claim. On motion of defendant, plaintiffs were required to elect as between the two

---

*Retired Supreme Court Justice sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

claims, and they elected to proceed upon their claim for rescission.

The contract which the plaintiffs sought to rescind related to a series of events finally culminating in the purchase by the plaintiffs from the defendant of a 1960 Studebaker automobile. It was alleged in their complaint that they were entitled to a rescission of the contract for the reason that the defendant,

"* * * warranted both expressly and impliedly that said 1960 Studebaker was free from mechanical defects, was fit for the purpose for which purchased and was of merchantable quality."

It was further alleged that at the time the motor vehicle was purchased defendant "guaranteed" that it had been driven "a maximum of 40,159 miles"; that the above mentioned representations were false; were known to be false; and were relied on by plaintiffs in making the purchase. It also was alleged that the plaintiffs demanded the return of the consideration paid by them and offered to return to the defendant the Studebaker involved in the contract. The demand and tender were refused by the defendant.

In its answer the defendant denied generally all allegations of the complaint upon which the claim for rescission was based. No affirmative defense was alleged pursuant to the provisions of R.C.P. Colo. 8(c), which, insofar as pertinent to this controversy, provides that: "In pleading to a preceding pleading, a party shall set forth affirmatively * * * estoppel, * * * waiver, and any other matter constituting an avoidance or affirmative defense."

■ The case was tried to the court and at the conclusion thereof detailed findings of fact and conclusions of law were entered in which the issues of fact and law were resolved in favor of the plaintiffs. Accordingly the trial court entered judgment granting the relief prayed for by the plaintiffs. While there was a dispute in the evidence on the questions involved in the essentials

governing the right of the plaintiffs to rescind the contract, there was an abundance of evidence to support the findings of the trial court to the effect that an actionable fraud had been perpetrated on the plaintiffs by the defendant.

The main thrust of defendant's argument for reversal of the judgment is presented under the following summary of argument:

"Even if the plaintiffs were entitled to rescind the contract because of misrepresentation, they abandoned their right to do so by continuing to drive the 1960 Studebaker for their own purposes and the trial court erred in ruling that their simple tender of the car was effective. * * *"

As already noted, no affirmative defense of "waiver" or "estoppel" was contained in the answer of defendant, and the pleadings in themselves raised no issue with regard thereto. At no time was any motion made by counsel to amend the pleadings in such manner as to create an issue upon the question here argued as the chief ground for reversal of the judgment.

The substance of the undisputed evidence received upon the trial, which counsel for defendant insists warrants reversal, is as follows: The plaintiffs were the owners of an automobile which they delivered to the defendant as part of the consideration to be paid for the motor vehicle finally purchased by them; they badly needed a car to provide transportation for Donald Shultz to and from his employment in El Paso county; the defendant refused to return the car to plaintiffs, in violation of its promise to do so in the event that suitable financing could not be arranged concerning the purchase of a Buick automobile which plaintiffs at first intended to buy; suitable financing being unattainable for that car the defendant persuaded plaintiffs to substitute the Studebaker for the Buick and steadfastly refused to return to the plaintiffs the car originally belonging to them; and, immediately upon the discovery

of the falsity of the representations made by the defendant relating to the Studebaker, plaintiffs tendered redelivery thereof and demanded return of the consideration, including their original automobile. Their demands were refused, and thereafter plaintiffs kept the Studebaker and from the date of their tender to the time of trial had driven it and used it in supplying their transportation needs. They testified, however, that their normal use of a car was very substantially curtailed because of the mechanical shortcomings of the Studebaker. The evidence relating to the use to which the plaintiffs had put the car following the defendant's refusal to accept their demand for rescission was received in evidence without objection.

It is argued by defendant's counsel that under these circumstances the provisions of R.C.P. Colo. 15(b) are applicable, namely,

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of those issues."

In traversing this contention of defendant, counsel for plaintiffs readily admits that where there is *express or implied consent* to try issues not raised by the pleadings, such issues will be tried in all respects as if they had been so raised. He contends, however, that in the instant case the record does not show an "express or implied consent" to try an issue of fact which R.C.P. Colo. 8(c) requires to be specifically alleged as an affirmative defense, namely, a waiver, or estoppel by conduct, operating to defeat the plaintiffs' right to rescission. Plaintiffs' position in this connection is that in their complaint they alleged that the defendant falsely repre-

sented that the Studebaker car was free from mechanical defects, and that it was fit for the uses to which plaintiffs would put it. These alleged false representations were denied by defendant, and under these issues actually framed by the pleadings it was proper for defendant's counsel to cross-examine upon the use to which the car had been put in testing the credibility of plaintiffs' testimony on the mechanical defects in the vehicle. It is argued:

"The evidence adduced from the plaintiffs was clearly relevant and material and had a tendency to negate such allegations and was understood as introduced for such purpose. An objection interposed at that time would clearly have been unfounded since such evidence was germane to an issue framed by the pleadings. Therefore, no objection was interposed."

In the findings of the trial court no mention of "waiver" by the plaintiffs of their right to rescission was made, and nothing was said which in any manner indicated that the issue of estoppel by conduct of the plaintiffs operating to deny them a right to rescission was being tried "by express or implied consent."

QUESTIONS TO BE DETERMINED.

First. *Under the foregoing circumstances, can this court say, as a matter of law, that the unpleaded affirmative defense of "waiver" or "estoppel" was "tried by express or implied consent of the parties," and that the trial court erred in failing to sustain the affirmative defense which was presented by "express or implied" consent even though no issues were framed with regard thereto by the pleadings?*

█ This question is answered in the negative. It is obvious from the record before us that the unpleaded affirmative defense of estoppel appears in the case as an afterthought following the entry of judgment by the trial court. The evidence with relation thereto was clearly admissible as bearing upon issues which were framed by the pleadings, namely, the questions raised

as to the fitness of the car for the use to which it was to be put, and the mechanical defects alleged to be present. The subject of "waiver" or "estoppel" appears for the first time in the record before us in the motion for a new trial in which we find the following:

"The Court erred in failing to find and determine that plaintiffs' continued use of the 1960 Studebaker automobile for their own purposes and treating the property as their own after their election to rescind, constituted a loss of their right to rescind, or a waiver of their right to rescind, or an estoppel from recovering in an action to rescind."

In the findings of fact the trial court gave detailed consideration to every issue upon which he heard evidence and to every issue raised by the pleadings. If the case had been presented upon any claim of "waiver" or "estoppel" certainly some disposition of such defense would have appeared in the trial court's detailed findings. We cannot say that, under all the circumstances, any such defense was tried by "express or implied consent."

In *Clemann v. Bandimere,* 128 Colo. 24, 259 P.2d 614, under a situation somewhat similar to that presented in the instant action, this court said, *inter alia:*

"Amendments such as here allowed should be granted after the close of the evidence only in cases where no reasonable doubt remains that the issue raised by the amendment has been intentionally and actually tried. It is not enough that some evidence has been received germane to the issue sought to be raised."

In the case at bar it is clear that no issue of "waiver" or "estoppel" was framed by the pleadings; that no motion to amend was ever made; and that those defenses were not "intentionally and actually tried."

Second. *Did the trial court err in admitting evidence concerning the alleged false and fraudulent representations of defendant made as an inducement to plaintiffs*

*to enter into the contract, over the objection that the evidence violated the parol evidence rule?*

This question is answered in the negative. The contract entered into between the parties contained a provision reciting that it contained all the terms thereof and that all representations of the defendant were contained therein. Counsel for defendant asserts that, "It was contrary to the parol evidence rule to admit evidence relating to representations or warranties regarding mileage or any other matter not stated in the contract." It is sufficient answer to this assertion to direct attention to the general rule stated in 24 Am. Jur. *Fraud and Deceit* § 267, as follows:

"* * * when fraud enters into a transaction to the extent of inducing a written contract, the instrument never becomes a valid contract, and hence, as stated above, the parol evidence rule is not applicable."

The brief argument of counsel for defendant that the trial court erred in considering the evidence pertaining to the attempt of plaintiffs to buy the Buick automobile, which immediately preceded the purchase of the Studebaker, is without merit. That evidence was material in that it was inseparably interwoven in the whole transaction.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE HODGES, and MR. JUSTICE KELLEY concur.