**AMERICAN FAMILY MUTUAL INSURANCE CO., Plaintiff–Appellant,**

v.

**CENTURA HEALTH–ST. ANTHONY CENTRAL HOSPITAL, Defendant–Appellee.**

No. 01CA0252.

Colorado Court of Appeals, Div. V.

March 14, 2002.

Law Office of Roger Moore, Roger Moore, Harinder H. Garcha, Denver, Colorado, for Plaintiff–Appellant.

Law Firm of Ann E. Edelman, LLC, Ann E. Edelman, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this dispute concerning payment of medical expenses, plaintiff, American Family Mutual Insurance Co. (insurer), appeals the judgment of dismissal on its claim for an accounting and unjust enrichment against defendant, Centura Health St. Anthony Central Hospital (hospital). Insurer also appeals the award of attorney fees to hospital. We reverse and remand.

The following facts are undisputed. Hospital provided treatment for a patient who was injured in a car accident. Insurer provided no-fault insurance coverage, including personal injury protection (PIP) benefits, for the patient. Although the accident related to the patient's employment, the workers' compensation (WC) insurance carrier for patient's employer initially denied liability. Faced with this denial of liability, insurer paid hospital $22,666 of the $47,409 hospital had billed. Once the accident was found compensable under the Workers' Compensation Act, the WC carrier paid the hospital the sum of $16,720.

In its second amended complaint, insurer alleged that the WC carrier had applied the workers' compensation fee scheduling medical payment guidelines under § 8–42–101(3)(a)(I), C.R.S.2001, to hospital's bill, and that the full amount due to hospital for its services was $16,720. Thus, insurer alleged that hospital was unjustly enriched because it had been overpaid. Insurer asserted it was entitled to repayment from hospital.

Hospital filed a motion to dismiss the claim for unjust enrichment, asserting that insurer should look to the WC carrier for any reimbursement. Alternatively, hospital claimed that it had not been paid twice because the WC carrier had paid the remaining balance due on the fee-scheduled bill after taking into account the insurer's payment. Exhibits attached to the motion included the hospital bill, a computer printout of payment information, and an affidavit of hospital's billing manager explaining its billing procedures.

In response to the motion to dismiss, insurer asserted that, because the WC insurance was primary, reimbursement from hospital was proper. It also argued that neither hospital nor the WC carrier had submitted the fee-scheduling documents showing how the medical bill had been adjusted. Insurer requested that, in the event the court converted the motion to dismiss to a motion for summary judgment, the court grant it leave to file "appropriate supplementary pleadings containing affidavits and documents."

Hospital then requested and received an extension of time to consider new evidence submitted by insurer in support of the unjust enrichment claim. The new evidence, which was submitted in conjunction with tangential proceedings, consisted of a review of the hospital bill by an independent company hired by insurer. That entity initially adjusted the bill to between $11,050 and $18,700 pursuant to the fee schedule.

The independent adjuster's calculations were challenged, and it later corrected the fee-scheduled amount due to $39,910.29. Without introducing this new material, hospital then requested the court to rule on the motion to dismiss. It specifically requested the court to consider the motion without reference to the extrinsic evidence attached to its motion. Nevertheless, the court apparently denied this request, because it treated the motion as one for summary judgment. The court then granted summary judgment by adopting hospital's reasoning.

Hospital thereafter sought sanctions pursuant to C.R.C.P. 11 and § 13–17–102, C.R.S. 2001, arguing that, because insurer had failed to obtain a correct fee-scheduled bill before filing the second amended complaint, the complaint was filed on speculation, therefore violating the requirements of C.R.C.P. 11. The court awarded hospital attorney fees in the amount of $8000. This appeal followed.

I.

■ Initially, hospital argues that the appeal of the dismissal of the unjust enrichment claim is moot because insurer's own expert, the independent company performing the fee scheduling, determined that the claim has no factual basis. Specifically, hospital asserts that, because the adjuster eventually fee-scheduled the bill to $39,910.29, and the two insurance payments totaled only $39,386,

the hospital had actually been underpaid. We conclude that the issue is not moot.

■ When a judgment cannot have any practical legal effect upon an existing controversy, the issue is moot. *Davidson v. Comm. for Gail Schoettler, Inc.,* 24 P.3d 621 (Colo. 2001). When an issue becomes moot because of subsequent events, an appellate court will decline to render an opinion as to the merits of an appeal. *Trinidad Sch. Dist. No. 1 v. Lopez,* 963 P.2d 1095 (Colo.1998).

■ Here, the record discloses that the WC carrier averred in its answer to the second amended complaint that there was a private agreement between itself and hospital that affected the total amount due for the patient's medical bills. In addition, the corrected fee schedule was not filed with the court until four months after the claim was dismissed and therefore could not have been considered by the trial court. And, we may not consider it on appeal. *See McDonald v. Lakewood Country Club,* 170 Colo. 355, 461 P.2d 437 (1969) (upon review, the appellate court is in the same position as the trial court).

Furthermore, the "corrected" fee schedule is not necessarily dispositive. We may not speculate as to whether it is subject to rebuttal or additional modification. Accordingly, the appeal is not moot.

## II.

■ The trial court granted summary judgment on alternative grounds. First, it held that the claim for unjust enrichment did not set forth a viable claim for relief against hospital. Insurer argues that the court erred in so determining. We agree.

The workers' compensation fee schedule applies to all medical and hospital treatment rendered to an employee under the Workers' Compensation Act. As relevant here, under § 8–42–101(3)(a)(I):

> [I]t is unlawful, void, and unenforceable as a debt for any physician, chiropractor, hospital, person, or institution to contract with, bill, or charge any patient for services, rendered in connection with injuries coming within the purview of this article or

an applicable fee schedule, which are or may be in excess of said fee schedule unless such charges are approved by the director.

■ Thus, it is unlawful for a hospital to bill a patient in a workers' compensation case for fees in excess of those mandated by the fee schedule. However, a PIP insurer may not use this fee schedule to determine the amount of fees it must pay. Instead, it must pay in full for reasonable and necessary charges. *See Norwood v. Allied Group, Inc.,* 942 F.Supp. 477 (D.Colo.1996).

Further, if a WC carrier initially denies liability for medical expenses of its putative insured, a PIP insurer is bound promptly to pay benefits covering such expenses under its policy. *See* § 10–4–708(1), C.R.S.2001.

■ It therefore follows that, when an accident is ultimately covered by WC insurance, and a PIP insurer has paid hospital fees in excess of those mandated by the WC fee schedule, such excess fees must be reimbursed. The issue then becomes which entity is responsible for reimbursement.

Applying § 8–42–101(3)(a)(I), a division of this court has held that a WC carrier is not required to reimburse a PIP insurer for medical expenses based upon fees that exceed those authorized under the fee schedule. *Employers Fire Ins. Co. v. Lumbermens Mut. Cas. Co.,* 964 P.2d 591 (Colo.App.1998). Accordingly, it is the medical provider that bills an unlawful and void fee that is liable to reimburse the PIP carrier for any fees paid in excess of those mandated by the fee schedule.

Hospital argues that a medical provider is not liable for refunds when a third party mistakenly makes a payment that is due, and that there is no unjust enrichment if a creditor is actually owed the money. However, this argument ignores the fee scheduling statute, which makes any amount charged in excess of the schedule void and unlawful. A void and unlawful bill cannot be considered "due."

■ A claim for unjust enrichment is the appropriate vehicle for recouping fees charged in excess of those allowed by the fee

schedule. Unjust enrichment occurs when (1) at the plaintiff's expense (2) the defendant received a benefit (3) under circumstances that would make it unjust for the defendant to retain the benefit without paying. *See Salzman v. Bachrach,* 996 P.2d 1263 (Colo. 2000).

Here, insurer's complaint adequately averred the necessary requirements for an unjust enrichment claim, and such a claim may lie against hospital under § 8–42–101(3)(a)(I). *Cf. Employers Fire Ins. Co. v. Lumbermens Mut. Cas. Co., supra.* Accordingly, the court incorrectly determined that the claim could only be pursued against the WC carrier.

■ Contrary to hospital's contention, it does not matter whether we treat its motion as a motion to dismiss or as a motion for summary judgment.

■ When reviewing a motion to dismiss under C.R.C.P. 12(b)(5), all averments of material fact must be accepted as true, and all of the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *See Pub. Serv. Co. v. Van Wyk,* 27 P.3d 377 (Colo.2001).

Here, in the second amended complaint, insurer set forth the amount of the bill, the payment it made, and the payment made by the WC carrier. Insurer also averred that the WC carrier had represented that the bill had been fee-scheduled to $16,720. Contrary to the hospital's argument, the fact that insurer stated that it relied on the representation of the WC carrier cannot be construed to mean that the court may accept as true only that the WC carrier made the statement. As we read the complaint, insurer averred that the bill had been fee-scheduled to a total amount due of $16,720. Construing these allegations as true, we conclude that insurer sufficiently stated a claim.

Under a summary judgment standard, the moving party must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd.,* 901 P.2d 1251 (Colo.1995).

■ Here, the materials attached to hospital's motion did not establish its right to judgment as a matter of law. It submitted the hospital bill for $47,409, a computer printout of payment information, and an affidavit explaining billing procedures. None of these materials established that the proper amount had been billed under the workers' compensation fee schedule.

## III.

■ The trial court's second basis for granting summary judgment was its agreement with hospital's argument that it had not been unjustly enriched because the WC carrier paid the remaining amount due on the fee-scheduled bill after taking into consideration insurer's payment. In making this argument, hospital implicitly contends that the bill was fee-scheduled to a higher amount. However, it had no evidence to support that stance, because the "corrected" fee-scheduled bill was not submitted to the court until four months after the claim was dismissed. Thus, if it is assumed that the bill had been fee-scheduled to $16,720, hospital received funds to which it was not entitled.

Accordingly, because the two arguments made by hospital and adopted by the court are incorrect or are unsupported by the record, the court erred in dismissing the claim for unjust enrichment and an accounting.

## IV.

■ Insurer also contends that the trial court erred in failing to provide advance notification that the motion to dismiss would be treated as a motion for summary judgment. Given our conclusion that the trial court incorrectly dismissed the claim, this argument is moot. *See Davidson v. Comm. for Gail Schoettler, Inc., supra.* On remand, while hospital may introduce the "corrected" fee schedule in support of its position, insurer must be allowed to conduct discovery and submit materials in opposition. *See* C.R.C.P. 12, 56.

## V.

■ Insurer's final contention is that the trial court erred in awarding attorney fees.

We agree. Because we reverse the underlying judgment, the award of attorney fees must likewise be reversed. *See In re Marriage of Paul,* 978 P.2d 136 (Colo.App.1998).

The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

Judge DAVIDSON and Judge NIETO concur.