Donald C. HAAN and Sandra K. Haan, Plaintiffs–Appellees and Cross–Appellants,

v.

Eric TRAYLOR, Defendant–Appellant and Cross–Appellee.

No. 02CA0098.

Colorado Court of Appeals, Div. III.

Aug. 28, 2003.

Stayton & Associates, P.C., Rowe P. Stayton, Aurora, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

Paul A. Frederiksen, Parker, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge MARQUEZ.

Defendant, Eric Traylor (seller), appeals the trial court's judgment finding that a second installment land contract executed between himself and plaintiffs, Donald C. and Sandra K. Haan (buyers), had not been terminated. Buyers cross-appeal the trial court's order finding that the first installment land contract between the parties had been terminated, cutting off their right to rescind that contract. We affirm.

When buyers became delinquent on the mortgage payments on their home, they entered into an agreement with seller to purchase their home and cure the existing ar-

rearage. Seller then sold the home back to buyers using an installment land contract.

After buyers defaulted on this contract, seller commenced an unlawful detainer action in county court. Buyers cured the default and entered into a second installment land contract for the same property. The second contract was essentially the same as the first, except that the interest rate was increased.

Because of further deficiencies in payment, seller filed second and third unlawful detainer actions. The third action resulted in a judgment for seller, and buyers vacated the property.

Buyers then filed a motion for a new trial, claiming that they were entitled under § 38–35–126, C.R.S.2002, to void the installment land contract and to receive a return of all payments made on the contract plus attorney fees, costs, and interest. The county court granted the motion, found that the counterclaim would exceed its jurisdictional limit, and dismissed the action without prejudice with leave to file in district court. Buyers filed this action in district court alleging claims for rescission and restitution under § 38–35–126 and breach of contract. This case proceeded to trial, resulting in the judgment and order on appeal here.

### I.

Seller contends the trial court erred in not finding that both installment land contracts had been terminated as a result of buyers' defaults. Conversely, buyers contend on cross-appeal that the trial court erred in rejecting their claim for rescission and restitution on the first installment land contract because it was defective under § 38–35–126. We disagree with both contentions.

#### A. First Contract

■ In reviewing a breach of contract case, we defer to the trial court's findings of fact if the record supports them, and we review its conclusions of law de novo. *Albright v. McDermond*, 14 P.3d 318 (Colo. 2000).

■ The extinguishment of an old contract by the substitution of a new contract or obligation is an original promise known as a novation. A contract of novation has four requisites: a previous valid obligation, an agreement between the parties to abide by the new contract, a valid new contract, and the extinguishment of the old obligation by the substitution of the new one. The intention to accomplish a novation need not be expressed in the agreement, but may be inferred from the facts, circumstances, and conduct of the parties. Whether there has been a novation is ordinarily a question of fact, and proof of a novation may be established by evidence of an express understanding to this effect or by circumstances showing such assent. *Moffat County State Bank v. Told*, 800 P.2d 1320 (Colo.1990); *see Phoenix Power Partners, L.P. v. Colo. Pub. Utils. Comm'n*, 952 P.2d 359 (Colo.1998); *H & K Automotive Supply Co. v. Moore & Co.*, 657 P.2d 986 (Colo.App.1982)(determination whether the termination of a contract was intended to operate as a complete cancellation involves questions of fact).

■ Rescission is an equitable termination of a contract whereby all rights, both past and present, arising under the contract are voided. The party seeking restitution must return the opposite party to the position it occupied prior to entering into the contract. However, when a contract has been cancelled, it cannot be rescinded. *See Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274 (Colo.App.1993).

■ While equity abhors forfeiture, this equitable maxim applies only where the buyer has substantially performed his or her duties under the contract. *Woods v. Monticello Dev. Co.*, 656 P.2d 1324 (Colo.App.1982).

■ Here, the trial court found, with record support, that the execution of the second contract terminated the first contract and that rescission was not proper as to the earlier agreement. The court also found that in light of their repeated late payments, buyers had not substantially performed. Thus, buyers were not entitled to rescind the first contract.

### B. Second Contract

Seller contends that the trial court should have analyzed the undisputed facts under the provisions of the second installment land contract to determine whether it had been terminated. According to seller, the court should have concluded that the second contract was terminated when buyers failed to make payments when due and seller exercised his rights. However, we disagree because there is no language in the contract indicating that the actions taken would result in termination of the contract.

### 1.

■ While seller refers to paragraph 10 of the contract to support his argument, that paragraph speaks of default for nonpayment. If default is not corrected after written notice, seller is to provide a written affidavit, which would entitle seller to immediate possession and buyers' forfeiture of all interests. However, seller provided only a notice of default and did not otherwise notify buyers that he had elected to terminate the contract.

Based on the absence of any record of compliance with paragraph 10, we reject seller's contention.

### 2.

■ We also conclude that under § 38–35–126, buyers were entitled to rescind the second contract because it was defective.

When interpreting a statute, appellate courts attempt to implement the intent of the General Assembly. To discern that intent, we look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meanings. *Paraguay Place–View Trust v. Gray*, 981 P.2d 681 (Colo.App.1999).

Section 38–35–126(1)(a), C.R.S.2002, requires in pertinent part that parties entering into a contract for deed to real property "designate the public trustee of the county wherein such real property is located to act as escrow agent for moneys paid or to be paid by the purchaser to meet the property tax obligations." The statute states that contracts for deed to real property include installment land contracts. Section 38–35–126(1)(b), C.R.S.2002. The statute further provides that the "buyer shall have the option of voiding any contract for deed to real property which fails to designate the public trustee as escrow agent for deposit of property tax moneys," and upon voiding the contract, the "buyer shall be entitled to the return of all payments made on the contract, with statutory interest as defined in § 5–12–102, C.R.S. [2002], and reasonable attorney fees and costs." Section 38–35–126(3), C.R.S.2002. While § 38–25–126(4), C.R.S. 2002, allows for certain exceptions, there is no indication in the record that seller asserted they applied.

Here, neither of the installment land contracts between the parties included the required provision designating the public trustee as escrow agent. The trial court found that because of the deficiency, the second installment land contract violated the mandate of § 38–35–126. Therefore, it concluded that buyers were entitled to void it.

We agree with this reading and application of the statute. *See* 2 Cathy Stricklin Krendl, *Colorado Methods of Practice* § 61.8 (1998).

Because of our disposition, we also reject seller's contention that the trial court erred in awarding attorney fees and costs because rescission should not have been allowed. Under § 38–35–126(3), upon voidance of the installment land contract, buyers were "entitled" to reasonable attorney fees and costs.

### II.

■ Buyers contend on cross-appeal that the trial court erred in awarding seller an offset for the reasonable rental value of the property for the period of buyers' possession. We are not persuaded.

Because buyers raise the equitable defense of unclean hands for the first time on appeal, we decline to address it. *See Christensen v. Hoover*, 643 P.2d 525 (Colo.1982); *Robinson v. Lynmar Racquet Club, Inc., supra.* However, we conclude seller was entitled to reasonable rental value pursuant to his claim in the nature of unjust enrichment.

■ Unjust enrichment is a form of quasi-contract or a contract implied in law.

It is a judicially created remedy designed to avoid benefit to one to the unfair detriment of another. *See Salzman v. Bachrach,* 996 P.2d 1263 (Colo.2000).

To recover restitution in a claim of unjust enrichment, a claimant must prove that (1) at the claimant's expense (2) the other party received a benefit (3) under such circumstances that would make it unjust for the other party to retain the benefit without payment. *See Salzman v. Bachrach, supra; Am. Family Mut. Ins. Co. v. Centura Health–St. Anthony Cent. Hosp.,* 46 P.3d 490 (Colo.App.2002).

Here, although the trial court applied an earlier version of the unjust enrichment test, we discern no error. It found, with record support, that buyers had the use and benefit of residing in the house, they appreciated or realized the benefit of residing there, and they accepted the benefit under such circumstances that it would be inequitable for them to retain this benefit without payment for its value. Thus, the offset was proper. *See Martinez v. Cont'l Enters.,* 730 P.2d 308 (Colo.1986)(recognizing offset for reasonable rental value during time of possession).

### III.

We are also not persuaded by seller's contention that the trial court erred in calculating prejudgment interest.

On appeal, seller argues that the trial court should have awarded prejudgment interest on the net award of $7.44. Seller offers no authority or other explanation for his contention that the interest should have been calculated on the amount of the judgment in favor of buyers less his recovery for rent, rather than the full amount of payments made in conjunction with the second contract.

Buyers' motion for approval of interest on the judgment asserted that a certified public accountant had computed the interest. Seller's objection related only to attorney fees and costs. The trial court noted that seller did not provide any information to dispute the computation.

In the trial court, seller did not argue that prejudgment interest was available only with respect to the net amount of the judgment in favor of plaintiff. Rather he asked only for prejudgment interest on the rental value owed to him from plaintiffs' use of the house. However, seller's argument does not take into account the house payments he received in lieu of rent.

Therefore, we perceive no reversible error here.

The judgment and order are affirmed.

Judge ROY and Judge DAILEY concur.