BRAATA, INC., d/b/a City Wide Maintenance of Denver, Plaintiff–Appellee,

v.

ONEIDA COLD STORAGE COMPANY, LLP, Defendant–Appellant.

Nos. 09CA2059, 09CA2552.

Colorado Court of Appeals, Div. A.

Sept. 2, 2010.

⟳374(7)

Lathrop & Gage, LLP, James E. Dallner, Denver, Colorado, for Plaintiff–Appellee.

The Ausmus Law Firm, PC, J. Andrew Ausmus, Englewood, Colorado, for Defendant–Appellant.

Opinion by Chief Judge DAVIDSON.

This is an appeal from the district court's order denying the motion of defendant, Oneida Cold Storage Co., LLP (Oneida), to vacate an arbitration award for lack of proper notice under section 13–22–223(1)(f), C.R.S.2009, of the Colorado Uniform Arbitration Act (CUAA), and confirming the award in favor plaintiff, Braata, Inc. We vacate and remand.

Section 13–22–223(1)(f) states that a court shall vacate an arbitration award if it finds that there was a lack of "proper notice of the initiation of an arbitration," resulting in "substantial[ ] prejudice" to the moving party. Section 13–22–209(1), C.R.S.2009, describes proper notice, as relevant here, as a writing sent by "certified or registered mail," which

must "describe the nature of the controversy and the remedy sought."

In its denial of Oneida's motion to vacate, the court relied on the finding of the arbiter that Oneida was "given notice of the arbitration hearing and of [Braata's] claim." On appeal, Oneida's primary contention is that the court erred by failing to independently determine whether Braata had given proper notice of initiation of the arbitration, and, if not, whether Oneida was substantially prejudiced thereby.

We conclude that when a party moves to vacate an award under 13–22–223(1)(f), the court must independently determine the adequacy of the notice and any resulting prejudice. Because the district court did not do so here, we vacate the order and remand.

## I. Background

Oneida's contract with Braata for janitorial services provided that any controversies arising from it would be decided by arbitration and that if the parties could not agree upon an arbiter, the arbitration would be conducted by the Judicial Arbiter Group (JAG). In 2008, a dispute arose concerning payment, and on August 12, Oneida sent a letter to Braata enclosing a check for "payment in full," reduced for unsatisfactory and unperformed work. Braata then sent a certified letter to Oneida, dated August 29, which asserted that Oneida was past due in paying $2,538.39 and demanded payment of the "full amount" within ten days. The letter stated that failure to pay in full "will result in [Braata] moving forward to protect its legal rights, including attorney's fees as set forth in the Contract." It further stated that "[n]o further notices will be provided." The letter did not use the word "arbitration."

Oneida did not respond. Braata contacted JAG, and a JAG arbiter conducted a hearing on April 10, 2009, at which Oneida did not appear. The arbiter, finding that Oneida had "been given notice of the arbitration hearing and of [Braata's] claim" and that Braata "made demand of payment and demand for arbitration," entered an award in Braata's favor.

Braata filed a motion in district court to confirm the award. Oneida objected and moved to vacate, arguing that the August 29 letter did not constitute an initiation of arbitration and that Braata had sent no other certified letters. Oneida argued that, because it did not receive proper notice, it was deprived of the opportunity to appear at the hearing and challenge the veracity of Braata's claims.

Braata admitted that the August 29 letter was the only certified letter it sent, but argued that this letter was sufficient to constitute notice of initiation of arbitration pursuant to the CUAA. Braata also argued that, regardless, because six additional notices were sent via regular mail by either it or JAG, Oneida had actual notice and thus could not have been substantially prejudiced. Although Oneida did not question whether the arbiter properly notified it of the hearing date, none of the six letters, nor any evidence that they were sent, was submitted to the district court.

Oneida filed a response, verified by its managing partner, asserting that Braata had "failed to comply with the notice requirements for effectively initiating an arbitration proceeding" pursuant to the CUAA and that the award should be vacated because Oneida "did not have adequate notice of the arbitration hearing as required by Colorado law." The managing partner attested that Oneida "was not aware that arbitration proceedings had been initiated by [Braata] until [he] received a copy of the award." He further stated that he "acknowledges receiving the August 29th certified letter but was unaware of any *demand* for arbitration or *notice of initiation* of arbitration, until receiving the arbitration award" (emphasis added). The verified response did not address whether Oneida had received actual notice of the arbitration hearing from the arbiter (as required by section 13–22–215(3), C.R.S.2009).

In its order, the district court determined that (1) the adequacy of notice of the initiation of arbitration under the CUAA was a procedural issue for the arbiter to decide and (2) the August 29 letter provided substantial grounds to support the arbiter's findings on the issue of notice. Accordingly, the court

denied Oneida's motion to vacate and granted Braata's motion to confirm.

On appeal, Oneida contends that the district court erred by not making an independent finding as to compliance with the provisions of section 13–22–223(1)(f). It further contends that the August 29 letter did not constitute an initiation of arbitration as a matter of law, and, because no other correspondence was sent by certified or registered mail, there was no procedurally proper initiation of arbitration. We agree with Oneida on both points, but remand to the district court to determine whether Braata's failure to provide statutory notice resulted in substantial prejudice to Oneida.

## II. Standard of Review

In the absence of statutory grounds to vacate an arbitration award, a court is required to affirm the award without reviewing its merits. *McNaughton & Rodgers v. Besser*, 932 P.2d 819, 822 (Colo.App.1996).

However, we review de novo a district court's legal conclusions on a motion to confirm or vacate an arbitration award. *Barrett v. Investment Management Consultants, Ltd.*, 190 P.3d 800, 802 (Colo.App. 2008). We also review de novo any questions of statutory construction. *Sperry v. Field*, 205 P.3d 365, 367 (Colo.2009).

In interpreting a statute, we begin with the plain language employed by the General Assembly. *Id.* If the language is ambiguous, we look to the statute's legislative history, the consequences of a given construction, and the overall goal of the statutory scheme. *Id.* We note that although Colorado has a strong public policy favoring arbitration, that policy does not trump statutory plain language. *Lujan v. Life Care Centers*, 222 P.3d 970, 977 (Colo.App.2009).

## III. Who Determines the Adequacy of Notice Under the CUAA?

Based on our interpretation of section 13–22–213(1)(f), we conclude that, in considering a motion to vacate an arbitration award for improper notice, the district court must make a de novo determination whether there was improper notice of initiation of arbitration proceedings that resulted in substantial prejudice to the moving party.

## A. Notice Defined by CUAA

The CUAA defines notice as follows: a person gives notice "by taking action that is reasonably necessary to inform the other person in ordinary course, whether or not the other person acquires knowledge of the notice"; a person has notice if the person has knowledge of the notice or received the notice; and a person receives notice when it comes to the person's attention or is delivered to the person's residence or business address. § 13–22–202, C.R.S.2009.

When a dispute arises that is subject to an agreement to arbitrate, a party initiates arbitration "by giving notice in a record … by certified or registered mail … or by service as authorized by law." § 13–22–209(1). The notice must "describe the nature of the controversy and the remedy sought." *Id.* If an arbiter orders a hearing, he or she must "give notice of the hearing not less than five days before the hearing begins." § 13–22–215(3). The CUAA contains no additional requirements concerning the form of notice given by the arbiter.

A party who appears at an arbitration hearing without first objecting to lack of proper notice of the initiation of arbitration or of the arbitration hearing waives those objections. §§ 13–22–209(2), 13–22–215(3). However, if a party does object but the arbiter wrongfully refuses to postpone the hearing, or if the party does not appear, that party may later move for the district court to vacate the award. *See* § 13–22–223(1)(c), (f).

## B. Notice as Condition Precedent Decided by Arbiter

Section 13–22–206(3), C.R.S.2009, states that it is the arbiter who decides whether a "condition precedent to arbitrability has been fulfilled." *See BRM Constr., Inc. v. Marais Gaylord, L.L.C.*, 181 P.3d 283, 287 (Colo.App. 2007) (arbiter decides "whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met") (quoting Revised Uniform Arbitration Act § 6 cmt. 2,

7 U.L.A. 12–13 (2000) (RUAA)); *see also Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 85, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002) (same). Here, the district court assumed that the adequacy of notice of the initiation of arbitration proceedings was a question of whether a condition precedent to arbitrability had been fulfilled and, thus, relied on the arbiter's finding that Oneida had been given notice.

■ Arbitration is a matter of contract, and a valid arbitration provision divests courts of jurisdiction over all questions that are to be submitted to arbitration, pending the conclusion of arbitration. *Lane v. Urgitus,* 145 P.3d 672, 679 (Colo.2006). Thus, to the extent that the district court concluded that the arbiter decides whether parties have met their contractually agreed-upon conditions precedent to arbitration, including agreements as to notice, it was correct. § 13–22–206(3); *see, e.g., Howsam,* 537 U.S. at 81, 123 S.Ct. 588 (whether time limitation imposed by arbitration rules agreed upon by the parties has been exceeded is for arbiter to decide); *BRM,* 181 P.3d at 284–87 (whether submission of claim to architect on construction project was required under the parties' contract was a condition precedent to arbitrability for arbiter to decide).

### C. Notice as Ground to Vacate Decided by Court

■ However, even if the particular notice requirement at issue here—to provide proper notice of initiation of arbitration proceedings—constitutes a condition precedent to arbitration, it is also a statutory ground to vacate an arbitration award. § 13–22–223(1)(f). When the issue concerns a statutory ground to vacate an award, the arbiter is not the final judge of fact and law. *See McNaughton,* 932 P.2d at 822 (general rule is that an arbiter's award must be upheld by a district court without reviewing its merits, unless there are statutory grounds to vacate).

The plain language of section 13–22–223(1)(f) states that an award shall be vacated "if the court finds that" there was not proper notice, resulting in substantial prejudice. This language requires the district

court to make an independent determination of the merits of a motion to vacate an award.

The surrounding statutory context supports the same conclusion. Subsection (1)(f) is included in the same section of the CUAA that also requires a court to "find" whether an arbiter engaged in evident partiality, corruption, or misconduct; wrongly refused to postpone the hearing or consider material evidence; or exceeded his or her powers, and whether there was no agreement to arbitrate. § 13–22–223(1)(b)–(e), C.R.S.2009. The latter issue is explicitly assigned to the court to decide by section 13–22–206(2), C.R.S.2009, and each of the other bases to vacate necessarily requires de novo findings by a court. *See, e.g., Superior Constr. Co. v. Bentley,* 104 P.3d 331, 332 (Colo.App.2004) (district court conducted evidentiary hearing and found that award had been procured through submission of fraudulent evidence); *McNaughton,* 932 P.2d at 822 (evident partiality is a fact-sensitive standard).

We also note that although the 2004 repeal and reenactment of the entire CUAA was modeled after the RUAA, *see* Jim Carr et al., *Colorado's Revised Uniform Arbitration Act,* 33 Colo. Law. 11 (Sept.2004), the parallel provision in the RUAA, section 23(a), does not include the words "the court finds that." Although there is no discernable legislative history, we must assume that this additional language reflects a legislative intent that courts are to make those findings de novo. *Cf. People v. O'Neal,* 228 P.3d 211, 213 (Colo. App.2009) (legislature presumably does not use language idly).

Accordingly, we conclude that the district court erred in relying on the arbiter's determination of notice instead of making its own, independent finding as to the adequacy of the notice.

### IV. Did Braata Give Statutory Notice?

■ Braata contends that, nevertheless, the August 29 letter complied with the statutory notice requirement and, therefore, any error the district court made by relying on the arbiter's notice findings was harmless. We agree that a remand here would be unnecessary if we were to hold that the August 29 letter complied with the statutory notice

provisions as a matter of law. *See, e.g., Meier v. Denver United States Nat'l Bank,* 164 Colo. 25, 29, 431 P.2d 1019, 1021 (1967) (construction of a written instrument is a question of law); *Mesa County Valley School Dist. No. 51 v. Kelsey,* 8 P.3d 1200, 1204 (Colo.2000) (whether documents constitute written notice of claim as required by Colorado Governmental Immunity Act subject to de novo review). However, although it is a close question, we disagree that the August 29 letter was sufficient to constitute a notice of initiation of arbitration under the CUAA.

It is undisputed that the August 29 letter was sent by certified mail in compliance with section 13–22–209, C.R.S.2009. However, a notice must be reasonably calculated to apprise the recipient of the pendency of the action and afford it an opportunity to present any objections. *See* § 13–22–202 (notice is given by taking action reasonably necessary to inform the other person in ordinary course).

Although the letter does not use the word "arbitration," it does refer to "protect[ing] [Braata's] legal rights, including attorney's fees as set forth in the Contract." The contract provided that the parties would use arbitration to settle their legal disputes. However, the phrase "as set forth in the Contract" is, grammatically, referring to attorney fees, not to "protect[ing] its legal rights." Indeed, threats of possible future legal action often are boilerplate on past-due billing notices and would not necessarily cause a reasonable person to believe that legal action was a certain, or even a likely, consequence of the bill remaining unpaid, especially when the amount owed is disputed and partial payment has been tendered.

Further, and more important, the letter gives no indication of *when* Braata intended to submit the dispute to JAG, other than that it would wait at least ten days for payment in full before doing so. Braata's statement that "no further notices will be provided" could be read as stating that no further *billing* notices will provided or that no further notices relating to *protecting its legal rights* will be provided. Accordingly, it did not put Oneida on notice that Braata considered the letter to

have fulfilled its obligation to provide notice of the initiation of arbitration.

Therefore, we conclude that the August 29 letter was not reasonably calculated to inform Oneida of the pendency of arbitration against it and, accordingly, did not constitute notice of the initiation of arbitration pursuant to section 13–22–209. The question thus becomes whether the improper notice resulted in substantial prejudice to Oneida. *See* § 13–22–223(1)(f). As explained below, that question must be determined in the first instance by the district court.

V. Was Oneida Substantially Prejudiced?

■ Finding a lack of proper notice of the initiation of arbitration, alone, does not require a court to vacate an arbitration award. To the extent Oneida argues otherwise, we disagree. The express language of the CUAA requires a court to vacate an award only when the insufficient notice "substantially prejudice[d] the rights of a party." § 13–22–223(1)(f); *see also* § 13–22–223(1)(c) (requiring a showing of substantial prejudice before requiring a court to vacate an award based on refusal of arbiter to postpone a hearing for cause or otherwise improperly conducting the hearing).

We understand the legislature's use of the term "substantial[ ] prejudice," in the context of section 13–22–223(1)(f), to refer to the inability to prepare for or fully participate in the arbitration. *Compare Dinosaur Park Investments, L.L.C. v. Tello,* 192 P.3d 513, 519 (Colo.App.2008) (plaintiff was substantially prejudiced by court allowing defendant to assert that contract was statutorily void, an issue not raised until eve of trial, because plaintiff would have brought an unjust enrichment claim had it known issue would be raised but had no prior notice of need for expert testimony to support that claim), *with Carson v. PaineWebber, Inc.,* 62 P.3d 996, 998–1000 (Colo.App.2002) (party was not substantially prejudiced by arbiter's refusal to compel discovery or hold a hearing where he did not show what evidence the requested documents contained, what additional evidence he would have presented at a hearing, or how that evidence might lead to a different result).

Oneida asserts on appeal that it indisputably suffered substantial prejudice because it did not appear at the hearing. Braata counters that, because Oneida was given six additional notices by either Braata or JAG, it had actual notice of the hearing, and thus could not, as a matter of law, have been prejudiced.

We disagree with both parties' contention that, on the record here, we can decide the question of substantial prejudice as a matter of law.

On the one hand, we agree with Braata that Oneida's absence from the hearing, while relevant, is not conclusive evidence of substantial prejudice. This is because a deficient notice, without more, cannot be the cause of the absence of a party with actual notice. Moreover, Colorado's strong public policy in favor of arbitration, as well as the plain terms of the CUAA, act to discourage a party with actual notice, even if very late, from ignoring the proceedings and later filing a motion to vacate rather than bringing the issue to the arbiter's attention prior to the hearing. See § 13–22–206(2)–(3) (court decides whether controversy is subject to a valid agreement to arbitrate; arbiter decides whether conditions precedent to arbitration have been fulfilled); § 13–22–209(2) (appearance at hearing without objecting to improper notice of initiation of arbitration waives that objection); § 13–22–215(3) (same for improper notice of hearing); § 13–22–223(1)(c), (f) (court shall vacate an award if it finds that arbiter improperly refused to postpone hearing or conducted it without proper notice); cf. People v. Baker, 104 P.3d 893, 897 (Colo. 2005) (prosecution not prejudiced by late filing of notice of appeal when it had actual notice of defendant's intent to appeal); Hartley v. City of Colorado Springs, 764 P.2d 1216, 1220 (Colo.1988) (no prejudice resulted from city council's failure to provide timely public notice of hearing where objecting parties had actual notice); Amos v. Aspen Alps 123, LLC, —— P.3d ——, ——, 2010 WL 27401 (Colo.App.2010) (foreclosure sale not voidable because party had actual, although not statutorily compliant, notice of sale and thus could not show prejudice).

On the other hand, although Braata asserts otherwise, whether Oneida had actual notice of the hearing cannot be determined from the existing record. Further, even if Oneida did have actual notice, it would be entitled to try to show that it nonetheless suffered prejudice because, for example, it was precluded from participating in the choice of arbiter, or otherwise received actual notice too late or under circumstances that made it unable to take effective action. See, e.g., Dinosaur Park Investments, LLC, 192 P.3d at 519 (finding substantial prejudice when issue was raised on eve of trial).

Thus, we must remand the matter to the district court for an evidentiary hearing and for findings of fact and conclusions of law on the question of whether Oneida suffered substantial prejudice from Braata's improper notice of initiation of arbitration proceedings. At the hearing, both parties may submit additional evidence on the issue of actual notice, and Oneida is entitled to present evidence, if any, that, even if it had actual notice, the deficiency of notice precluded it from fully preparing for and participating in the arbitration hearing.

Based on this disposition, we also vacate the district court's order granting Braata its attorney fees and costs.

The order confirming the arbitration award and the award of attorney fees and costs are vacated and the case is remanded to the district court for further proceedings consistent with this opinion.

Judge WEBB and Judge NIETO * concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2009.